# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 17-1606V
### Filed: July 31, 2019
UNPUBLISHED

|  |  |
|---|---|
| ROBIN HAMLIN,<br><br>                Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Findings of Fact; Onset; Influenza<br>(Flu) Vaccine; Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA) |

*Alison H. Haskins, Maglio Christopher & Toale, PA, Sarasota, FL, for petitioner.*
*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for respondent.*

## FINDINGS OF FACT[1]

**Dorsey**, Chief Special Master:

On October 25, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her November 9, 2016 influenza ("flu") vaccination. Petition at 1-3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, the undersigned finds the onset of petitioner's SIRVA occurred within 48 hours of vaccination.  Specifically, petitioner suffered pain within 48 hours of vaccination.

## I.      Relevant Procedural History

In support of her claim, petitioner filed medical records (Exs. 1-6) and her own affidavit (Exs. 7) between November 6, 2016 and December 21, 2017.  ECF Nos. 7, 10. On July 11, 2018, respondent filed a status report indicating that he was interested in pursuing informal settlements discussions with petitioner and requesting respondent's Rule 4(c) Report deadline remain suspended.  ECF No. 22.  The parties engaged in informal settlement discussions between July 11, 2018 and December 14, 2018.  *See* ECF Nos. 22-28.  On December 14, 2018, the parties' counsel indicated they had reached an impasse in their settlement discussions, and a deadline was set for the filing of respondent's Rule 4(c) Report.  ECF No. 30.

Respondent filed his Rule 4(c) report on March 29, 2019. ECF No. 32. In this report, respondent argues that petitioner has not met her burden of establishing that the onset of her shoulder injury occurred within 48 hours of her November 9, 2016 flu vaccination.  *Id.* at 6.

Thereafter, the undersigned reviewed the evidence and determined that a fact hearing or briefing would not be necessary. ECF No. 33. A deadline was set for for the filing of a supplemental affidavit regarding onset by petitioner, and for the filing of any additional evidence by the parties addressing onset.   *Id.*  In response, petitioner filed her own supplemental affidavit on May 30, 2019. Ex. 9, ECF No. 37. No additional filings were made by either party.  The matter is now ripe for adjudication.

## II.     Issue

At issue is whether petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table.  42 C.F.R. § 100.3(a) XIV.B. (2017) (influenza vaccination).  Additionally, the Qualifications and aids to interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours.  42 C.F.R. § 100.3(c)(10).

## III.    Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1).  A special master may find that the first symptom or manifestation of onset of an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was

incorrectly recorded as having occurred outside such period." Vaccine Act § 13(b)(2). "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table." *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Vaccine Act § 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

## IV.   Finding of Fact

The undersigned makes the finding after a complete review of the record to include all medical records, affidavits, respondent's Rule 4 report, and additional evidence filed. Specifically, the undersigned bases the finding on the following evidence:

- Petitioner received a flu vaccination intramuscularly in her left deltoid on November 9, 2016. Ex. 1 at 4
- On November 30, 2016, petitioner presented to Ormond Family Care ("OFP") at which time Tabith Oravetz, NP recorded that petitioner "has been experiencing pain in her left deltoid after flu vaccine at Walgreens on 11/9/16, which is concerning patient." Ex. 4 at 13. Ms. Orvatez indicated that petitioner reported "'pain at the site from a flu shot ~20 days ago . . . .' No numbness but difficulty elevating complete ROM, denies cervical trauma or fall, no other weakness/myalgias . . . . Paperwork provided to pt to complete for 'vaccination reaction' and will submit on her own." *Id.* at 15.
- On February 6, 2017, petitioner presented again to Ms. Oravetz "for acute complaints of left upper arm pain from a flu shot greater than one month ago." *Id.* at 10. Petitioner was referred for an EMG. *Id.* at 12.
- On February 20, 2017, petitioner presented to Amol Gupta, M.D., for an EMG. Ex. 6 at 5. Dr. Gupta indicates that petitioner has a history of "left arm discomfort" that she notes begin after a flu shot in the fall. *Id.* "She developed discomfort during the injection but states as the day progressed her pain increased. She has remained with left shoulder discomfort since then." *Id.*
- Petitioner presented to Savitha Kasturi, DO, at OFP on April 7, 2017 for a follow-up in regard to her left shoulder pain "that has been present since November 9, 2016 after getting a flu injection." Ex. 4 at 7. Dr. Kasturi assessed petitioner with "[p]ain in upper limb" which he indicated has been "ongoing since flu vaccine administration." *Id.*

3

- On April 26, 2017, petitioner received an MRI with an indication noted for "[l]eft shoulder pain following flu shot.  Decreased range of motion."  Ex. 5 at 27.

Petitioner provided the following sworn affidavit testimony as to the onset of her left shoulder pain: "[w]hen I received the vaccine I immediately felt pain in my left shoulder. I experienced constant pain and throbbing which grew worse as the day went on."  Ex. 9 at ¶ 2.  Petitioner further averred that the pain continued thereafter and she "had a very difficult time sleeping the night of November 9, 2016, because I couldn't find a comfortable, pain-free position to rest in and I would constantly roll onto my sore shoulder."  Ex. 9 at ¶ 3.  Petitioner testified that her pain continued to progress the next day despite taking over the counter pain relievers.  Ex. 9 at ¶4. Petitioner avers that her "shoulder pain immediately started causing me problems with my daily activities" ex. 9 at ¶ 5, but she "tried to 'tough out' my shoulder pain" until her next scheduled primary care appointment on November 30, 2016, as obtaining an appointment is difficult, ex. 9 at ¶6.

The above medical entries are consistent with petitioner's affidavit testimony that her left shoulder pain began at the time she received the flu vaccine on November 9, 2016. The undersigned finds the sworn testimony of petitioner to be credible and in agreement with the contemporaneously created treatment records. As such, the undersigned finds preponderant evidence that the onset of petitioner's left shoulder injury occurred within 48 hours of her November 9, 2016 flu vaccination.


V.      Scheduling Order

Respondent shall file a status report by **Friday, September 13, 2019**, indicating whether he is interested in further exploring an informal resolution of petitioner's case.

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master